**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| KELLY MARIE GARST, | ) | Case No. 09-30655 |
| | ) | |
| Debtor. | ) | |

## MEMORANDUM OPINION AND ORDER

On November 24, 2009, the Trustee filed an objection to the Debtor's claim of an exemption in $5,384.93 on deposit in a savings account at Arvest Bank. The Debtor maintains that 90% of those funds are exempt under Mo. Rev. Stat. § 525.030(2) as wages received as part of a severance package. The Trustee does not dispute that those funds can be traced to wages; rather, the Trustee's sole argument in opposition to the Debtor's exemption claim is that the funds lost their character as wages, and thus their eligibility for the exemption, when they were deposited into the account. The Court held a hearing on December 17, 2009, and took the matter under advisement.

Upon consideration of the applicable law, the Court will overrule the Trustee's objection. Two related considerations drive this holding.

First, the Court finds that the statute on which the Debtor bases her claim of exemption – Mo. Rev. Stat. § 525.030 – explicitly contemplates that the exemption applies to wages that are no longer in the control of a debtor's employer. Section 525.030 exempts from garnishment 90% (for a head of household; 25% for others) of a debtor's "earnings." Earnings are defined as "compensation *paid or payable* for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and includes periodic payments pursuant to a pension or retirement program."[1] If earnings include wages that have been "paid" to a debtor, then it is logical to assume that the statute applies to wages in the hands of a debtor, and that leads to the second question – whether there is any difference between an exemption for wages received in cash or a check and wages that have been deposited into a bank account.

---

[1] Mo. Rev. Stat. § 525.030(2) (emphasis added).

On that point, the Court concurs with Judge Federman's ruling in *In re Arnold, III*,[2] that there is no difference. "It elevates form over substance to claim that the check in [the debtor's] hand was wages, but the check in his checking account was not."[3] This is especially true in the day where direct deposit of wages has become the norm. And that is exactly what happened in this case – the wages in which the Debtor claims an exemption were deposited directly into her bank account.[4]

Therefore, the Court finds that because the Debtor has adequately traced the $5,384.93 on deposit in a savings account at Arvest Bank to wages paid to her by her former employer, HSBC, she is entitled to claim 90% of that money ($4,846.44) exempt under Mo. Rev. Stat. § 525.030. Accordingly, the Trustee's objection to that claim of exemption is hereby OVERRULED as to $4,846.44 in the Debtor's savings account and SUSTAINED as to the remaining $538.49.

**SO ORDERED** this 22nd day of December 2009.

/s/ Jerry W. Venters
HONORABLE JERRY W. VENTERS
UNITED STATES BANKRUPTCY JUDGE

A copy of the foregoing was mailed
conventionally or electronically to:
Norman E. Rouse
Kevin E. Checkett

---

[2] 193 B.R. 897 (Bankr. W.D. Mo. 1996).

[3] Id. at 900.

[4] It is unclear, but ultimately immaterial, whether the funds were deposited directly into the Debtor's savings account or transferred there from another account, in light of the Trustee's concession that the funds in the savings account are traceable to wages.